UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                    :        **SEALED**
                                                     **INDICTMENT**
            - v. -                          :
                                                     20 Cr.   501
ERDAL DERE and                              :
FAISAL KHAN,
                                            :
                 Defendants.
                                            :

- - - - - - - - - - - - - - - - - - - X

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

The Grand Jury charges:

### Offense Conduct

1.    From at least in or about 2015, up to and including in
or about September 2020, Fortuna Fine Arts Ltd. ("Fortuna"),
through the actions of ERDAL DERE and FAISAL KHAN, the
defendants, and others known and unknown, engaged in a years-
long fraud scheme involving the use of false provenance in
connection with the offer and sale of antiquities.

2.    Before purchasing antiquities, collectors and third-
party galleries and auction houses acting as sales brokers
generally require proof that the provenance - or ownership
history — of an item is legitimate.  Provenance is particularly
important to the value of ancient art and artifacts because of
concerns that undocumented antiquities were stolen, looted, or

otherwise acquired illegally.  Purchasers of stolen antiquities do not acquire good title to the property, and the sale, purchase, transportation, and possession of stolen property is illegal under federal law.

3.    Fortuna is a Manhattan-based gallery specializing in antiquities and numismatics.  Fortuna is owned and operated by ERDAL DERE, the defendant, in conjunction with his father and DERE's longtime associate FAISAL KHAN, the defendant.  Fortuna does not operate a website and does not have a publicly listed inventory for sale.  Instead, Fortuna sells antiquities directly to buyers or through other galleries and auction houses that broker sales for Fortuna.

4.    From at least in or about 2015, up to and including in or about September 2020, ERDAL DERE and FAISAL KHAN, the defendants, made and caused to be made false representations regarding the provenance of antiquities that Fortuna has offered for sale to potential buyers and brokers, by falsely claiming and causing to be claimed that various deceased collectors of antiquities (the "Deceased Collectors") were the prior owners of the antiquities, and concealing the true source from which Fortuna acquired the antiquities.

5.    ERDAL DERE, the defendant, communicated the false

2

provenance featuring the names of the Deceased Collectors to buyers and brokers.  DERE also fabricated documents purporting to evidence the prior ownership of antiquities by the Deceased Collectors, and provided them to buyers and brokers.  For example, DERE provided such fabricated documents to an auction house in Manhattan, New York in connection with an antiquities auction held in or about December 2015.

6.    FAISAL KHAN, the defendant, assisted Fortuna in finding buyers for items from its pre-existing inventory and acquired new items, primarily in Asia, that KHAN worked with Fortuna to sell to collectors in the United States and internationally.  With KHAN's knowledge, ERDAL DERE, the defendant, provided false provenance information to potential buyers of items that KHAN had personally located and acquired, listing deceased collectors as the long-time owners of items which KHAN and DERE well knew had not been owned by those collectors.

## Statutory Allegations

7.    From at least in or about 2015, up to and including in or about September 2020, in the Southern District of New York and elsewhere, ERDAL DERE and FAISAL KHAN, the defendants, and others known and unknown, willfully and knowingly, did combine,

3

conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

8.     It was a part and object of the conspiracy that ERDAL DERE and FAISAL KHAN, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

### COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

9.     The allegations contained in paragraphs 1 through 6 of this Indictment are repeated and realleged as if set forth fully herein.

10.     From at least in or about 2015, up to and including in or about September 2020, in the Southern District of New York

and elsewhere, ERDAL DERE and FAISAL KHAN, the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, DERE and KHAN engaged in a scheme to defraud actual and potential buyers and brokers in connection with the offer and sale of antiquities, by using and causing to be used false provenance consisting of the names and other identifying information of deceased collectors who had not owned the antiquities at issue.

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT THREE
### (Aggravated Identity Theft)

The Grand Jury further charges:

11. The allegations contained in paragraphs 1 through 6 of this Indictment are repeated and realleged as if set forth fully herein.

12. From at least in or about 2015, up to and including in or about September 2020, in the Southern District of New York

and elsewhere, ERDAL DERE, the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, DERE transferred, possessed, and used the names and other identifying information of deceased collectors in false provenance used in the offer and sale of antiquities, in connection with the wire fraud conspiracy charged in Count One of this Indictment, and the wire fraud charged in Count Two of this indictment.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

### Forfeiture Allegations

13.  As a result of committing the offenses alleged in Counts One and Two of this Indictment, ERDAL DERE and KHAN DERE, the defendants, shall forfeit to the United Sates, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds  traceable to the commission of said offenses that the defendants personally obtained.

Substitute Asset Provision

14.   If any of the above-described forfeitable property, as a
result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a
third person;

(3)  has been placed beyond the jurisdiction of the Court;

(4)  has been substantially diminished in value; or

(5)  has been commingled with other property which can be
subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,
United States Code, Section 853(p), and Title 28, United States
Code, Section 2461(c), to seek forfeiture of any other property of
the defendants up to the value of the above-described forfeitable
property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

AUDREY STRAUSS
Acting United States Attorney

7

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

### ERDAL DERE and
### FAISAL KHAN,

Defendants.

### SEALED INDICTMENT

20 Cr.

(18 U.S.C. §§ 1349, 1343 and 2,
1028A(a)(1) and (b), and 2.)

AUDREY STRAUSS
Acting United States Attorney.

**A TRUE BILL**

*Foreperson.*